UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL MARTINEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>ERNESTINE ROBINSON; et al.,<br><br>    Defendants.                  / | No. C 09-1349 MHP (pr)<br><br>**ORDER OF SERVICE** |

## INTRODUCTION

Juan Manuel Martinez, an inmate at the Correctional Training Facility in Soledad, filed a pro se civil rights complaint under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Martinez alleges the following in his complaint: In July 2007, he was a garment assembler for Prison Industries Authority at CTF-Soledad. On July 26, 2007, he complained to superintendent Ernestine Robinson that supervisor Stillerman was insulting Hispanic workers. She declined to do anything about the problem. As Martinez departed, he told her an inmate appeal would be filed against them. Thereafter, Robinson contacted custody staff and asked the custody staff to remove Hispanic workers from the job site and send them back to their cells. Another inmate heard Robinson talking with Phil Earley about the matter; Robinson allegedly said that she didn't need another civil complaint in her file and Earley allegedly responded that they should say that plaintiff and others were "instigating this."

1 Complaint, p. 6. Martinez later received a CDC-115 accusing him of participating in a work
2 stoppage on July 26. On July 30, 2007, plaintiff was informed that he had been suspended
3 from work. He complained. The associate warden gave him permission to return to work on
4 August 1, but Robinson and Earley refused to let him return to work on August 2. After
5 talking tot he associate warden again, on August 6, he left a telephone message for Robinson
6 telling her that the associate warden said he needed to go to work. On August 7, plaintiff
7 was transferred to ad-seg, and received a CDC-115 for making threats against Robinson. On
8 August 30, he was released from ad-seg and transferred to another yard, on the
9 recommendation of associate warden Ortiz. On September 11, 2007 plaintiff was found not
10 guilty of the CDC-115 that accused him of threatening staff. He alleges that defendants
11 Robinson and Earley retaliated against him for exercising his First Amendment rights.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A prisoner may sue state officials under § 1983 if he is retaliated against for exercising his constitutional rights. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Liberally construed, the allegations of the complaint state a claim for relief under § 1983 against Robinson and Earley for retaliation against Martinez after he complained of verbal harassment by another supervisor and stated he would be filing an inmate grievance.

2

**CONCLUSION**

For the foregoing reasons,

1.  Plaintiff has stated a cognizable § 1983 retaliation claim against defendants Ernestine Robinson and Phil Earley.

2.  The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint and this order upon these two individuals, both of whom apparently are employed as superintendents in the textile division of the Prison Industries Authority at CTF-Soledad: Ernestine Robinson and Phil Earley.

3.  In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.  No later than **December 11, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **January 15, 2010**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

    > The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
    >
    > Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

3

      c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 29, 2010**.

4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: September 28, 2009

                                              Marilyn Hall Patel
                                              United States District Judge