UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MARTINEZ, | No. C 09-1349 MHP (pr) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS** |
| v. | |
| ERNESTINE ROBINSON; et al., | |
| Defendants. | |

# INTRODUCTION

Juan Martinez, an inmate at the Correctional Training Facility in Soledad, California, filed a pro se civil rights action for damages under 42 U.S.C. section 1983 alleging that defendants violated his right to be free from retaliation. Defendants have moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure on the ground that plaintiff did not properly exhaust available administrative remedies under 42 U.S.C. section 1997e(a). Plaintiff has filed an opposition. For the reasons discussed below, the court will deny the motion.

# BACKGROUND

A.   Scope of Complaint

Martinez alleges the following in his complaint: In July 2007, he was a garment assembler for Prison Industries Authority at CTF-Soledad. On July 26, 2007, he complained to superintendent Ernestine Robinson that supervisor Stillerman was insulting Hispanic workers. She declined to do anything about the problem. As Martinez departed, he told her

1 an inmate appeal would be filed against them. Thereafter, Robinson contacted custody staff
2 and asked the custody staff to remove Hispanic workers from the job site and send them back
3 to their cells. Another inmate heard Robinson talking with Phil Earley about the matter;
4 Robinson reportedly said that she didn't need another civil complaint in her file and Earley
5 reportedly responded that they should say that Martinez and others were "instigating this."
6 Complaint, p. 6. Martinez later received a CDC-115 accusing him of participating in a work
7 stoppage on July 26. On July 30, 2007, Martinez was informed that he had been suspended
8 from work. He complained. The associate warden gave him permission to return to work on
9 August 1, but Robinson and Earley refused to let him return to work on August 2. After
10 talking to the associate warden again, on August 6, he left a telephone message for Robinson
11 telling her that the associate warden said he needed to go to work. On August 7, Martinez
12 was transferred to ad-seg, and received a CDC-115 for making threats against Robinson. On
13 August 30, he was released from ad-seg and transferred to another yard, on the
14 recommendation of associate warden Ortiz. On September 11, 2007, Martinez was found not
15 guilty of the CDC-115 that accused him of threatening staff. He alleges that defendants
16 Robinson and Earley retaliated against him for exercising his First Amendment rights.

17 The court conducted an initial review under 28 U.S.C. section 1915A. The court
18 liberally construed the complaint, and determined that it alleged a cognizable claim against
19 the defendants, who allegedly retaliated against Martinez after he complained of verbal
20 harassment and stated he would be filing an inmate grievance.

21 B.   <u>Administrative Exhaustion Efforts</u>

22 Martinez filed two separate appeals relevant to this case, Appeal Log # 07-03358 and
23 # 07-03748. Martinez also tried three times to submit another appeal, but all were rejected for
24 supposedly duplicating Appeal Log # 07-03358.

25 In Appeal Log # 07-03358, Martinez complained of racial discrimination on the part
26 of Stillerman and failure to reprimand staff on the part of Robinson. At the second level, the
27 reviewer partially granted the appeal, noting that appropriate supervisory staff conducted an
28 inquiry into the matter. <u>Id</u>. The second level decision noted that the retaliation claim that

2

1  arose from this appeal's underlying incident was a separate matter covered exclusively by
2  Appeal Log # 07-03748. Id. Martinez pursued the matter, and his appeal was denied at the
3  director's level. Id.

4  In Appeal Log # 07-03748, Martinez alleged that Earley had retaliated against him
5  for filing an appeal concerning racial discrimination. At the second level, the reviewer found
6  that appropriate supervisory staff conducted an inquiry into the matter and that the
7  information obtained was confidential and not subject to disclosure. Martinez appealed the
8  decision to the director's level, and it was denied at the director's level. Id.

9  In addition to the two inmate appeals that received appeal log numbers, Martinez tried
10 three more times to file an appeal that included a claim that Robinson had retaliated against
11 him. His inmate appeal dated October 9, 2007 complained that Robinson had retaliated.
12 Opposition, Exh. B. That appeal was screened out as duplicative of Appeal Log # 07-3358.
13 Opposition, Exh. C. Martinez responded with a letter to the appeals coordinator asking that
14 the screen-out decision be reconsidered because the appeal was not duplicative. Opposition,
15 Exh. D. The appeal coordinator sent back the materials and explained again that they were
16 duplicative of Appeal Log # 07-3358. Opposition, Exh. E. Martinez tried yet again to have
17 his appeal considered, and sent a letter to the warden explaining that his new appeal was not
18 duplicative. Opposition, Exh. F. The appeal coordinator sent back the materials and
19 explained yet again that the new appeal duplicated Appeal Log # 07-3358. Opposition, Exh.
20 G.

## DISCUSSION

"No action shall be brought with respect to prison conditions under [42 U.S.C. section 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." See Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a

prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation. See id. § 3084.5; Woodford v. Ngo, 548 U.S. 81, 85-86 (2006).

Exhaustion in prisoner cases covered by section 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). The statute requires "proper exhaustion" of available administrative remedies. See Woodford v. Ngo, 548 U.S. at 93.

A prisoner's failure to exhaust administrative remedies is a matter in abatement. Defendants have the burden of raising and proving the absence of exhaustion, and may do so by way of a motion pursuant to Rule 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988))

Martinez exhausted the administrative remedies available to him. As to his retaliation claim against defendant Earley, he filed an inmate appeal (i.e., Appeal Log # 07-3748) that (a) concerned the claim asserted in his complaint and (b) received a decision at the director's level before he filed this action.

As to his retaliation claim against defendant Robinson, Martinez did all that he could to exhaust his claim against her. He tried three times to file an appeal that concerned the claim asserted in his complaint, but he was rejected each time because the new appeal supposedly duplicated an earlier appeal. The prison staff's rejection of his attempts to pursue the retaliation appeal against Robinson excused him from further exhaustion efforts.

4

Defendants contend that Martinez did not properly exhaust his retaliation claim in Appeal Log # 07-3358 because the appeal did not allude to retaliation. That Martinez did not allude to retaliation in the appeal is not dispositive because, when he attempted to submit an inmate appeal that did mention Robinson's alleged retaliation, the appeals coordinator screened it out as duplicating Appeal Log # 07-3358.  Martinez was told his new retaliation appeal was duplicative of the earlier appeal not just once, but three times.  The prisoner need not exhaust further levels of review once he was reliably informed by an administrator that no more remedies were available. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). Denying Martinez the ability to appeal Robinson's retaliation because Appeal Log # 07-03358 supposedly covered it, while maintaining in that same appeal that the retaliation claim was a separate matter, afforded the plaintiff no available remedy.  The court finds that the improper rejection of Martinez's attempts to pursue the retaliation appeal against Robinson excused him from further exhaustion efforts.  Cf. Marella v. Terhune, 568 F.3d 1024, 1027-28 (9th Cir. 2009) (implying that case should not be dismissed for non-exhaustion if the inmate appeal was screened out improperly).

Defendants also argue that Martinez did not abide by applicable procedures and did not file timely appeals.  This appears to be a post-hoc rationale since the reason given at the time of the denial related to the duplicativeness of the appeals.

## CONCLUSION

Defendants' motion to dismiss is DENIED.  (Docket # 9.)

The court has a Pro Se Prisoner Mediation Program in which selected prisoner cases with unrepresented plaintiffs are referred to a neutral magistrate judge for mediation proceedings consisting of one or more conferences as determined by the mediator. Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceeding will take place within ninety days of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within five days after the conclusion of the mediation proceedings, file

with the court a report for the prisoner mediation proceedings. The clerk will send to Magistrate Judge Vadas a copy of the case file for this action.

     IT IS SO ORDERED.

Dated: July 28, 2010

                                                      Marilyn Hall Patel
                                                      United States District Judge